**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| **TRACIE M. DERRICK,** an individual resident of Washington,<br><br>Plaintiff,<br><br>v.<br><br>**CORE-MARK INTERNATIONAL, INC.,** a Delaware corporation; **JEFFERY DEAN COOKE**, an individual resident of Oregon; and **DOE DEFENDANTS 1-10,**<br><br>Defendants. | Case No.  3:22-cv-5629<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tracie M. Derrick, by and through her undersigned counsel, for her complaint and causes of action against Core-Mark International, Inc., Jeffery Dean Cooke, and Doe Defendants 1-10, hereby alleges as follows:

### I.      NATURE OF ACTION

1.1     This is a diversity action for negligence and vicarious liability against the above-named defendants, arising from a major commercial truck crash that occurred on September 13, 2019 in the State of Washington.

COMPLAINT
Case No. 3:22-cv-5629; Page 1

1.2     In the early morning hours of that date, Defendant Cooke was operating a tractor/semi-trailer plus full trailer combination commercial vehicle on Interstate-5 in southwest Washington, on behalf of his employer or principal, Defendant Core-Mark.

1.3     Then and there, Defendant Cooke failed to abide by Washington laws and the standard of care governing the safe and proper operation of his vehicles, including his failures to: keep a proper lookout, safely control his speed, obey lawful traffic signs and warning signs, ensure that he was in a physical condition to safely operate his vehicle, and to avoid colliding with other vehicles, among other things. Each of these failures constitutes negligence.

1.4     Defendant Core-Mark is vicariously liable for the tortious conduct of Defendant Cooke.

1.5     Defendant Core-Mark also is separately liable for its negligence in failing to properly train, supervise, inspect, and maintain its personnel and equipment, as well as for its failure to ensure compliance with legal and industry standards applicable to its various roles as an interstate commercial trucking company.

1.6     As a proximate result of these and other failures, Defendant Cooke crashed his vehicle at full speed into the rear of a Washington State Department of Transportation truck that was occupied and being operated by Plaintiff Tracie M. Derrick.

1.7     Plaintiff was severely injured in the crash, and has suffered significant economic and non-economic damages as a proximate result, including being disabled from her job of injury.

1.8     Defendants are jointly and severally liable to Plaintiff for these harms and losses.

## II.     PARTIES

2.1     Plaintiff Tracie M. Derrick is a natural person and resident of the State of Washington. She resides in this judicial district.

2.2     Defendant Core-Mark International, Inc. ("Core-Mark") is a corporation formed and existing pursuant to the laws of the State of Delaware. Its principal place of business is in

COMPLAINT
Case No. 3:22-cv-5629; Page 2

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/Fax (425) 646-8004

Westlake, Texas. At all times material to the allegations stated here, Defendant Core-Mark was present and conducting business in the State of Washington, and in this judicial district.

2.3   Defendant Jeffrey Dean Cooke ("Cooke") is a natural person and resident of the State of Oregon. At all times material to the allegations stated here, Defendant Cooke was present and conducting business in the State of Washington, and in this judicial district.

2.4   Doe Defendants 1-10 are fictitiously-named persons or entities that, upon information and belief, were persons or entities who were legally responsible and liable in some manner for the acts or omissions at issue in this Complaint, and who proximately caused injury to Plaintiff. Such defendants may include any subsequently-identified product manufacturer, repair or maintenance vendor or contractor, third-party contractor, general contractor, investigative or enforcement agency, municipality or governmental entity, broker, shipper, carrier, or other person or entity present or otherwise responsible for the activities of Defendants and/or the vehicles involved in this crash.

2.5   The true names and identities of these Doe Defendants are presently unknown and unavailable to Plaintiff. If and when the true names and identities of these defendants are ascertained through further investigation and discovery, Plaintiff reserves the right to substitute the proper names of such persons or entities, and such substitution shall relate back to the date of this Complaint.

### III.   JURISDICTION AND VENUE

3.1   This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a)(1).

3.2   The amount in controversy in this case is in excess of the sum provided for in 28 U.S.C. §1332(a).

3.3   This Court has specific personal jurisdiction over the person of Defendant Core-Mark because Defendant Core-Mark purposefully availed itself of the laws, benefits, and protections of the laws of the State of Washington for purposes of conducting business for profit

COMPLAINT
Case No. 3:22-cv-5629; Page 3

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/Fax (425) 646-8004

within this judicial district, and because its acts and omissions at issue herein arose directly from those contacts.

3.4 This Court has general personal jurisdiction over the person of Defendant Core-Mark because that entity is present and regularly transacting business in this State, including in this judicial district.

3.5 This Court has specific personal jurisdiction over the person of Defendant Cooke because Defendant Cooke has purposefully availed himself of the laws, benefits, and protections of the laws of the State of Washington for purposes of conducting business for profit within this judicial district, and because his acts and omissions at issue herein arose directly from those contacts.

3.6 This Court has general jurisdiction over the person of Defendant Cooke because he is regularly present and transacting business in this State, including this judicial district.

3.7 This Court has supplemental jurisdiction over the person of Defendant Cooke.

3.8 This Court has supplemental jurisdiction over the person of Defendant Core-Mark.

3.9 Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because the acts and omissions at issue herein occurred in this judicial district.

## IV.   GENERAL ALLEGATIONS

4.1 On the evening of September 12, 2019, and into the early morning hours of September 13, 2019, Plaintiff was part of a Washington State Department of Transportation (WSDOT) road construction crew that was performing work on northbound Interstate-5, just south of the crossing of State Route 121.

4.2 As part of her job assignment that night, Plaintiff was working a mobile lane closure operation in that area.

COMPLAINT
Case No. 3:22-cv-5629; Page 4

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/Fax (425) 646-8004

4.3     To accomplish her duties, Plaintiff was occupying and operating a 2014 International 7000 work truck (WA License Plate: XMT34243K; VIN# 1HTWLAZR7EH788411), which vehicle and role was assigned to her by her employer WSDOT.

4.4     Plaintiff's vehicle was the rear-most vehicle in the road crew that was handling the lane closure operation.

4.5     As part of her duties in that operation, Plaintiff was responsible for providing in-lane traffic protection for the work crew ahead of her.

4.6     These vital safety duties included the need to keep her vehicle in her lane and for her truck to absorb any crash arising from motor vehicles traveling in the roadway behind her, even if she knew that such an impact was likely to occur.

4.7     Around 1:00 A.M. on the morning of September 13, 2019, Plaintiff was performing these duties. She had her truck-mounted chevron arrow lights activated to show the lane closure, and to direct traffic behind her to move out of the closed lane.

4.8     Plaintiff was wearing her safety belt.

4.9     Additional markings, signage, and road hazard notifications were present and visible south of Plaintiff's location, also warning of the lane closure ahead.

4.10    At that time, while keeping a proper lookout, Plaintiff noticed a large commercial truck bearing down on her location, at full freeway speed.

4.11    Plaintiff and her vehicle were clearly visible from the rear, with all required vehicle lights active, plus reflective striping on the vehicle, and the chevron warning lights.

4.12    Nevertheless, the oncoming truck did not change lanes or slow down as it approached her position.

4.13    In response to this danger, and as she had been instructed and trained to do, Plaintiff stayed in her lane to protect her work crew in front of her. She accelerated forward prior to impact, to lessen the substantial impact that she knew she was about to suffer.

4.14    She also reported this danger to her road crew on her employer-issued radio.

COMPLAINT
Case No. 3:22-cv-5629; Page 5

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/Fax (425) 646-8004

4.15   As she feared, the truck behind her did indeed crash into her vehicle at full freeway speed, conveying tremendous force into the operator's cabin, and causing Plaintiff to be thrown about and suffer significant injury.

4.16   The truck that hit Plaintiff was a 2017 Freightliner tractor (IN License Plate 2430403; VIN# 3AKJGEDV7HSHZ5495), which was pulling a semi-trailer (OR License Plate HU29606) and a second full trailer (OR License Plate HV01386).

4.17   Defendant Cooke was operating these vehicles at the time of the crash.

4.18   These vehicles were "commercial vehicles" within the meaning of the laws of the State of Washington.

4.19   Defendant Core-Mark owned, leased, or otherwise controlled, directed, and was responsible for the operation of these vehicles at the time of the crash.

4.20   On information and belief, one or more of Doe Defendants 1-10 owned, leased, or otherwise controlled, directed, and was responsible for the operation of these vehicles at the time of the crash.

4.21   Defendant Core-Mark and/or one or more of its employees or agents was responsible for the inspection, maintenance, and repair of these vehicles at the time of the crash.

4.22   On information and belief, one or more of Doe Defendants 1-10 was responsible for the inspection, maintenance, and repair of these vehicles at the time of the crash.

4.23   Law enforcement responded to the scene of the crash, and conducted an investigation.

4.24   Defendant Cooke was cited for negligent driving in the second degree for his actions.

4.25   Defendant Cooke paid this infraction, or caused it to be paid.

4.26   No weather conditions or road conditions caused or contributed to this crash in any material fashion.

COMPLAINT
Case No. 3:22-cv-5629; Page 6

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/Fax (425) 646-8004

4.27   The vehicle Plaintiff was occupying and operating at the time of the crash did not cause or contribute to the crash in any material fashion.

4.28   Plaintiff did not make any wrongful error or omission that caused or contributed to this crash or her injuries in any material fashion, and is entirely fault-free.

## V.   FIRST CAUSE OF ACTION
### (Negligence – All Defendants)

5.1   Plaintiff hereby incorporates and restates all allegations previously stated herein for purposes of this cause of action, as if separately set forth here.

5.2   Defendants, and each of them, owed Plaintiff the duty to exercise reasonable care in the operation of their motor vehicles, including by complying with applicable law, and in such a fashion as to avoid colliding with her and causing her injury.

5.3   Defendants, and each of them, further owed Plaintiff the duty to exercise reasonable care when inspecting, maintaining, and repairing their vehicles. They were required to do so in a reasonably safe fashion, in compliance with applicable law, and in such a fashion as to avoid causing Plaintiff injury.

5.4   Defendants Core-Mark and Doe Defendants 1-10, and each of them, further owed Plaintiff the duty to exercise reasonable care in the hiring, training, and supervision of their agents and/or employees, including Defendant Cooke.

5.5   Defendants, and each of them, breached one or more of these duties when they caused their vehicles to crash into Plaintiff and her vehicle, as described above.

5.6   Specifically, but without limitation, Defendants' breaches include the following:

    5.6.1   Failing to keep a proper lookout when operating a motor vehicle;

    5.6.2   Failing to operate a motor vehicle at a safe speed;

    5.6.3   Failing to operate a vehicle safely for traffic conditions;

    5.6.4   Failing to operate a vehicle safely in a construction zone;

    5.6.5   Failing to yield to construction vehicles;

    5.6.6   Failing to obey lawful traffic signs and lane closure notifications;

COMPLAINT
Case No. 3:22-cv-5629; Page 7

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/Fax (425) 646-8004

  5.6.7 Failure to avoid colliding with other vehicles;

  5.6.8 Failing to ensure Defendant Cooke was in a physical condition to safely operate his vehicles;

  5.6.9 Failure to properly inspect, maintain, and/or repair the subject vehicles in a fashion safe for use on public highways; and

  5.6.10 Failure to hire, train, or supervise personnel in a reasonable fashion, including Defendant Cooke, to ensure compliance with applicable laws and regulations regarding safe operation of motor vehicles in a commercial trucking context.

5.7 Each of these breaches constitutes negligence.

5.8 As a proximate result of one or more of these breaches of Defendants' duties, Plaintiff suffered serious physical and mental injuries, including disability, causing significant economic and non-economic damages, in an amount to be proven at trial.

5.9 The crash and the injuries suffered by Plaintiff as a proximate result of the crash were foreseeable as a result of Defendants' breaches.

### VI. SECOND CAUSE OF ACTION
**(Vicarious Liability – Defendant Core-Mark and Doe Defendants)**

6.1 Plaintiff hereby incorporates and restates all allegations previously stated herein for purposes of this cause of action, as if separately set forth here.

6.2 Defendants Core-Mark and Doe Defendants 1-10 each were the employer and/or principal of Defendant Cooke, at the time of the crash at issue in this case.

6.3 At all material times herein, Defendant Cooke was acting within the course and scope of his employment and/or agency with Defendants Core-Mark and/or Doe Defendants 1-10, specifically including when operating the commercial motor vehicles that crashed into Plaintiff and her vehicle.

6.4 Defendant Cooke engaged in one or more breaches of duty owed to Plaintiff, as otherwise alleged herein.

COMPLAINT
Case No. 3:22-cv-5629; Page 8

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/Fax (425) 646-8004

6.5     Defendants Core-Mark and Doe Defendants 1-10 each were the employer and/or principal of certain third parties responsible for inspection, maintenance, repair, hiring, training, and supervision of the personnel and/or vehicles involved in this crash.

6.6     At all material times herein, those third parties were acting within the course and scope of their employment and/or agency with Defendants Core-Mark and/or Doe Defendants 1-10, specifically including when inspecting, maintaining, repairing, hiring, training, or supervising personnel and/or vehicles that were involved in this crash, prior to the crash.

6.7     These third parties engaged in one or more breaches of duty owed to Plaintiff, as otherwise alleged herein.

6.8     Defendant Core-Mark and/or Doe Defendants 1-10 are vicariously liable for the tortious acts or omissions of their employees and/or agents, including but not necessarily limited to Defendant Cooke, as alleged herein.

6.9     As a proximate result of one or more of these employees' and/or agents' breaches, Plaintiff suffered serious physical and mental injuries, including disability, causing significant economic and non-economic damages, in an amount to be proven at trial.

6.10     The crash and the injuries suffered by Plaintiff as a proximate result of the crash were foreseeable as a result of these breaches.

## VII.     PRAYER FOR RELIEF

Having stated the foregoing causes of action, Plaintiff now respectfully requests that the Court award the following relief:

7.1     A judgment in favor of Plaintiff and against Defendants, jointly and severally, awarding Plaintiff her past and future economic damages, in an amount to be determined at trial;

7.2     A judgment in favor of Plaintiff and against Defendants, jointly and severally, awarding Plaintiff her past and future noneconomic damages, in an amount to be determined at trial;

7.3     An award of Plaintiff's reasonable attorneys' fees and costs incurred herein, to the extent permitted by law; and

COMPLAINT
Case No. 3:22-cv-5629; Page 9

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/Fax (425) 646-8004

7.4     Such other relief as the Court may deem just and equitable under the circumstances.

DATED: August 26, 2022                                **ROSSI VUCINOVICH PC**

By: */s/ Benjamin T. G. Nivison*
     Benjamin T.G. Nivison, WSBA #39797
     Phone: 425.636.8003
     Fax: 425.646.8004
     Email: bnivison@rvflegal.com
     *Of Attorneys for Plaintiff*

COMPLAINT
Case No. 3:22-cv-5629; Page 10